## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LUISA CRUZ,

Plaintiff,

-against-

THE UNITED STATES OF AMERICA,
MOHAMMAD M. RAHMAN, M.D., and
OZONE PARK MEDICAL CARE, PLLC,

Defendants.

Case No.:

## COMPLAINT

Plaintiff, LUISA CRUZ, by her attorneys, DIEFENBACH, PLLC, as and for her

Complaint, respectfully alleges, upon information and belief, as follows:

### PARTIES

1.      At all times hereinafter mentioned, plaintiff, LUISA CRUZ, resided and

continues to reside at 183 McKinley Avenue, #2, Brooklyn, NY 11208.

2.      Upon information and belief, at all times hereinafter mentioned, defendant

MOHAMMAD M. RAHMAN, M.D. was and still is a physician duly licensed to practice

medicine in the State of New York.

3.      Upon information and belief, at all times hereinafter mentioned, defendant

MOHAMMAD M. RAHMAN, M.D. maintained offices for the practice of medicine at 1219

Liberty Avenue, Brooklyn, NY 11208.

4.      Upon information and belief, at all times hereinafter mentioned, defendant

OZONE PARK MEDICAL CARE, PLLC was a domestic corporation duly organized and

1

existing under, and by virtue of, the laws of the State of New York.

5.     Upon information and belief, at all times hereinafter mentioned, defendant OZONE PARK MEDICAL CARE, PLLC maintained offices for the practice of medicine at 1219 Liberty Avenue, Brooklyn, NY 11208.

6.     Upon information and belief, at all times hereinafter mentioned, defendant MOHAMMED M. RAHMAN, M.D., was and still is a duly licensed New York State Physician who rendered medical services to plaintiff, LUISA CRUZ.   At all times hereinafter mentioned, defendant MOHAMMED M. RAHMAN, M.D., was and is an owner and principal of Ozone Park Medical Care, PLLC at 1219 Liberty Avenue, Brooklyn NY 11208, and rendered medical services to plaintiff, LUISA CRUZ within the scope of his employment thereto.

7.     Upon information and belief, at all times hereinafter mentioned, defendant THE INSTITUTE FOR FAMILY HEALTH was a domestic corporation organized and existing under, and by virtue of, the laws of the State of New York. THE INSTITUTE FOR FAMILY HEALTH is a designated Public Health Service Employee and thus deemed an employee of the United States of America for purposes of the Federal Tort Claims Act.   Accordingly, the United States of America is the proper defendant.

8.     Upon information and belief, at all times hereinafter mentioned, defendant SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE was a domestic corporation organized and existing under, and by virtue of, the laws of the State of New York.   SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE is a designated Public Health Service Employee and thus deemed an employee of the United States of America for purposes of the Federal Tort Claims Act.   Accordingly, the UNITED STATES OF AMERICA is the proper defendant.

9.     Upon information and belief, at all times hereinafter mentioned, defendant THE

2

INSTITUTE FOR FAMILY HEALTH maintained offices for the practice of medicine under the name of Sidney Hillman / Phillips Family Practice at 16 East 16th Street, New York, NY 10003.

10.    Upon information and belief, at all times hereinafter mentioned, defendant THE INSTITUTE FOR FAMILY HEALTH maintained administrative offices at 2006 Madison Avenue, New York, NY 10035.

11.    Upon information and belief, at all times hereinafter mentioned, defendant SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE maintained offices for the practice of medicine at 16 E. 16th Street, New York, NY 10003.

12.    THE UNITED STATES OF AMERICA is a sovereign nation responsible for the conduct of the designated Public Health Service Employees, THE INSTITUTE FOR FAMILY HEALTH and SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346(b) and 28 U.S.C.§ 1367.

14.    On May 26, 2017, Plaintiff timely filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.§1346(b). On September 29, 2017, the Department of Health and Human Services sent Ms. Cruz's counsel a notice of final determination denying Ms. Cruz's administrative tort claim.   Accordingly, Plaintiff has exhausted her administrative remedies.

14.    This Court has personal jurisdiction over Defendants and venue is appropriate in this Court under 28 U.S.C. §1391(e) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

3

## AS FOR THE FIRST CAUSE OF ACTION FOR
## MEDICAL MALPRACTICE-CONSCIOUS PAIN AND SUFFERING

15.     Defendant MOHAMMAD M. RAHMAN, M.D. held himself out to the
general public and specifically to plaintiff as possessing and utilizing the proper degree of skill
and learning necessary to render medical care and services in accordance with good and accepted
medical practice and that he undertook to use reasonable care and diligence in the treatment of
patients, and in particular plaintiff, LUISA CRUZ.

16.     From on or about February 7, 2011 continuously through December 30, 2016
LUISA CRUZ, sought the professional care of defendants MOHAMMAD M. RAHMAN and
OZONE PARK MEDICAL CARE, for certain medical complaints and these defendants did
render medical care, diagnosis, treatment and services to her.

17.     From on or about July 13, 2006 continuously through January 20, 2017 plaintiff,
LUISA CRUZ, sought the professional care of THE INSTITUTE FOR FAMILY HEALTH and
SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE for certain medical complaints and these
defendants did render medical care, diagnosis, treatment and services to her.

18.     During the aforesaid course of treatment, plaintiff, LUISA CRUZ, had certain
signs, symptoms and/or complaints which were brought to the attention of the defendants
MOHAMMAD M. RAHMAN, OZONE PARK MEDICAL CARE, SIDNEY
HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH,
and/or his agents, associates, servants, and/or employees.

19.     The above medical care, diagnosis, treatment and services rendered to plaintiff,
LUISA CRUZ, by MOHAMMAD M. RAHMAN, OZONE PARK MEDICAL CARE, and THE
UNITED STATES OF AMERICA by and through its Public Health Service Employees,

4

SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH (hereinafter "the Defendants") were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community, and caused severe pain and suffering and loss of chance of cure by failing to treat plaintiff timely, thus causing a diminution in the chance of cure and reduction in life expectancy, all caused by these defendants.

20.    During the aforesaid course of treatment, plaintiff, LUISA CRUZ, had certain signs, symptoms and/or complaints which were brought to the attention of the Defendants and/or his agents, associates, servants, and/or employees.

21.    The above medical care, diagnosis, treatment and services rendered to plaintiff, LUISA CRUZ, by Defendants were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical care, diagnosis, treatment and services in the community, and caused severe pain and suffering and loss of chance of cure by failing to treat plaintiff timely, thus causing a diminution in the chance of cure and reduction in life expectancy, all caused by these Defendants.

22.    In particular, in 2011 and 2012 SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH had microalbumin and creatinine tests which indicated that Ms. Cruz had chronic kidney disease.

23.    Upon information and belief, no one at SIDNEY HILLMAN/PHILLIPS FAMILY PRACTICE and THE INSTITUTE FOR FAMILY HEALTH followed up with proper testing to monitor Ms. Cruz's kidney function nor did they take steps to prevent the further deterioration of her kidney function until February 8, 2016 when she was diagnosed with Stage 5 kidney disease, and referred to a nephrologist, who immediately recommended dialysis.

5

24.     Upon information and belief, as early as April 2013, MOHAMMAD M. RAHMAN and OZONE PARK MEDICAL CARE also had tests of elevated creatinine levels that indicated Ms. Cruz had kidney disease.    However, MOHAMMAD M. RAHMAN and OZONE PARK MEDICAL CARE did not follow up with additional tests to confirm that Ms. Cruz had kidney disease, nor did they take any steps to treat her kidney disease.

22.     As a result of the aforementioned negligence, carelessness, recklessness and medical malpractice of the defendants, the plaintiff, LUISA CRUZ experienced conscious pain and suffering and was caused to sustain severe and permanent personal injury and damage.

23.     Said negligence, carelessness and recklessness, medical and nursing malpractice, medical malfeasance and medical misfeasance of the defendants, their agents, associates, servants and/or employees constituted in failing to treat the plaintiff, LUISA CRUZ, in accordance with accepted medical standards in the community; failing to take proper care and precaution in the conduct of care rendered so that the plaintiff's medical condition would not be aggravated or worsened; in carelessly, negligently and recklessly failing to diagnose and/or timely diagnose renal function failure, failure to properly manage hypertension; failure to properly manage diabetes;    in failing to refer plaintiff to other physicians to evaluate plaintiff's true condition;    omitting to perform and/or timely perform appropriate diagnostic studies; in allowing, suffering and permitting plaintiff to languish with decreased kidney function all without proper medical care and attention; in failing to timely and properly treat the plaintiff; in failing to take and/or obtain a true and complete medical history; in failing to heed the complaints, signs and symptoms of the plaintiff; in failing to appropriately review standards of care; in improperly advising and prescribing for the plaintiff; in failing to render a timely, appropriate diagnosis and treatment of the plaintiff's true condition; in allowing plaintiff's true

6

condition to continue untreated causing loss of chance of cure and diminution of life expectancy; in failing and omitting to exercise and take proper care, precaution and caution in the conduct of the care and treatment rendered to the plaintiff so as to prevent unfavorable results; in failing to perform and/or timely perform appropriate diagnostic studies; in lulling the plaintiff into a false sense of security; in failing to timely diagnose and treat the plaintiff; in allowing, suffering and permitting the physical condition of the plaintiff to be and to remain in a deteriorated condition; in permitting inexact medical techniques to be used upon the plaintiff; in failing to conduct various diagnostic tests upon the plaintiff; in failing to conduct various diagnostic tests upon the plaintiff with the requisite skill; in failing to use the minimum equipment possible in order to timely diagnose plaintiff's progressive renal failure; failed and omitted to attach significance to the symptomatology of the plaintiff, and to treat the same accordingly; failed to refer plaintiff to specialists; failed to communicate with specialists; failed to follow up with specialists; failed and omitted to timely transfer this patient to a hospital or referral to another physician or medical facility equipped to render competent medical care to the plaintiff; failed and omitted to understand the nature of the underlying pathology of the plaintiff; failed and omitted to timely perform diagnostic studies; failed and omitted to properly interpret diagnostic studies; failed and omitted to perform appropriate diagnostic and/or radiological studies; failed to perform appropriate blood tests relating to kidney function; failed to have appropriate evaluation; failed to enter into the process of differential diagnosis; failed to perform adequate diagnostic and/or radiological studies; failed to appropriately evaluate those diagnostic and/or radiologic studies performed; failed and omitted to correlate clinical findings with diagnostic studies.

24.     As a result of the negligence and/or medical malpractice of the defendants and

7

without any negligence on the part of the plaintiff, LUISA CRUZ, contributing thereto, the plaintiff suffered great pain, agony, injury, suffering as well as mental anguish and emotional distress. That by reason of the foregoing, the plaintiff LUISA CRUZ, became sick, sore, lame, and disabled, and has suffered a decrease in life expectancy.   She has suffered pain and anguish of body and mind, and was confined to bed; she has been rendered incapacitated; she has expended diverse sums of money; she will never again attend to the usual affairs of her day-to-day living and her ability to enjoy life has been impaired; has suffered end-stage renal failure; and she has suffered severe and excruciating pain, suffering, and permanent and severe personal injuries.

25.    By reason of the foregoing, the plaintiff, LUISA CRUZ, was rendered sick, sore, lame, disabled, and permanently afflicted with irreversible serious complications and injuries and as a result of this negligence suffered pain, anguish of body and mind, confined to bed, rendered incapacitated, expended diverse sums of money, and suffered severe and excruciating pain, suffering and permanent and severe injury to her body.

## AS FOR THE SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

26.    Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as though set forth herein at length.

27.    Defendants, their agents, servants and employees, failed to inform plaintiff, LUISA CRUZ, of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which the defendants failed to obtain an informed consent thereto.

28.    A reasonably prudent person in plaintiff's position would not have undergone the

8

treatment and diagnosis rendered herein if he had been fully informed.

29.     The lack of informed consent alleged herein is a proximate cause of the injuries, conditions and disabilities for which recovery is sought.

30.     By reason of the above, plaintiff, LUISA CRUZ, has sustained great pain, agony, injury, suffering, disability, and hospitalization, as well as mental anguish and emotional distress.

31.     By reason of the above, plaintiff, LUISA CRUZ, has sustained damages, both general and special.

        **WHEREFORE**, for the reasons set forth above, plaintiff prays this Court to award judgment against THE UNITED STATES OF AMERICA, MOHAMMAD M. RAHMAN M.D., and OZONE PARK MEDICAL CARE, PLLC and award actual and compensatory damages in an amount to be determined at trial with the costs and disbursements of this action, and such other relief as the Court deems just and proper.

Dated:        New York, New York
              March 28, 2018

                                    Yours, etc.,

                                    **DIEFENBACH PLLC**
                                    Attorneys and Counselors at Law
                                    Attorneys for Plaintiff
                                    By:

                                        Gordon Price Diefenbach
                                    55 Broad Street, 27th Floor
                                    New York, NY 10004
                                    T (212) 981-2233
                                    Email: gordon@diefenbachlaw.com

9

10